UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FINSTON,

           Plaintiff,

v.

TAYLOR CHRISTOFFERSON, ET AL.,

           Defendants.

_____/

Case No. 15-12013

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING AS MOOT DEFENDANT FARRELL'S MOTION TO DISMISS [7];
DENYING AS MOOT DEFENDANT CARY'S MOTION TO DISMISS [9]; GRANTING
DEFENDANT FARRELL'S MOTION TO DISMISS [14]; GRANTING DEFENDANT
CARY'S MOTION TO DISMISS [15]; GRANTING DEFENDANT CX3 HOLDINGS'
MOTION TO DISMISS [18]; AND ORDERING PLAINTIFF TO SHOW CAUSE WHY
REMAINING DEFENDANTS SHOULD NOT BE DISMISSED**

Plaintiff brought this suit on June 4, 2015, and filed an Amended Complaint

[Dkt. #10] on July 30, 2015.  On August 13, 2015, Defendant Farrell filed a

Motion to Dismiss [14].  The same day, Defendant Cary filed a nearly identical

Motion to Dismiss [15].[1]  On September 8, 2015, Plaintiff filed a Response [16] to

both motions, to which Defendants Farrell and Cary filed a joint Reply [19, 20] on

_____

[1] Defendants Farrell and Cary filed earlier Motions to Dismiss [7, 9] prior to the
filing of Plaintiff's Amended Complaint.  These original motions were superseded
by the filing of the Amended Complaint and are therefore **DENIED AS MOOT**.

September 22, 2015.  Defendant CX3 Holdings filed its own Motion to Dismiss

[18] on September 8, 2015.  On September 30, 2015, Plaintiff filed a Response

[23] to Defendant CX3's motion, to which Defendant CX3 filed a Reply [26] on

October 13, 2015.  The Court finds the motion suitable for determination without a

hearing in accord with Local Rule 7.1(f)(2).

      For the reasons stated below, Defendant Farrell's Motion to Dismiss [14],

Defendant Cary's Motion to Dismiss [15], and Defendant CX3 Holdings' Motion

to Dismiss [18] are **GRANTED**.  Further, Plaintiff is ordered to show cause,

within 14 days after issuance of this Order, why Defendants Christofferson and

Bachman should not be dismissed for failure to effectuate service.

## FACTUAL BACKGROUND

      Plaintiff Matthew Finston is a New York resident who has published

numerous online articles on investing and corporations.  In his articles, he has

occasionally criticized Creative Edge Nutrition, Inc. (CEN), a corporation

incorporated in Nevada and headquartered in Michigan.  CEN, which trades under

the symbol FITX, is the parent company of CEN Biotech, Inc., a Canadian

subsidiary.[2]  Defendants Cary, Farrell, Christofferson, and Bachman are CEN

---

[2] Plaintiff concedes that his Amended Complaint incorrectly refers to CEN Biotech
where it should refer to CEN.

shareholders and residents of Texas, Arizona, Kansas, and New Mexico, respectively.

In at least one article, Plaintiff expressed concern regarding the amount of CEN shares that were to become unrestricted in May 2015. On May 8, 2015, CEN's restricted shares became freely tradeable. The same day, an article entitled "Potential Criminal Indictment of Stock Basher Matthew Finston" was published on www.mmj.today. The article accused Plaintiff of engaging in fraud to manipulate the price of CEN stock. The article identified its author only as "Admin." Defendant CX3, a limited liability company with its principal place of business in Georgia, is the sole owner of mmj.today, the website hosting the article.

## ANALYSIS

Plaintiff brings claims for defamation and false light invasion of privacy. He alleges that Defendants were responsible for the online publication of the May 8, 2015 article falsely accusing him of fraud. He alleges that Defendants published the accusations for the purpose of discrediting Plaintiff's concerns about the quantity of CEN shares being released in the marketplace, thereby reassuring CEN stakeholders about the value of CEN stock and preserving the value of Defendants' shares.

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction over them.  In the alternative, Defendants move for dismissal under Rule 12(b)(3) on the grounds of improper venue.  Defendants' briefing all but ignores their venue argument, which the Court therefore considers forfeited.  *See e.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).  "When, as here, a district court rules on a jurisdictional motion to dismiss made pursuant to Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the nonmoving party."  *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)) (internal quotation marks and brackets omitted).  The nonmoving party nevertheless bears the burden of establishing jurisdiction.  *Id.* (citing *CompuServe*, 89 F.3d at 1261–62).

"A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment."  *Id.* (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002)).  Defendants do not argue that the Court's exercise of personal jurisdiction

would conflict with Michigan law, but they argue that it would violate the Due Process Clause. "For a State to exercise [specific personal] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."[3] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

In *Walden*, the Supreme Court cited its previous decision in *Calder v. Jones*, 465 U.S. 783 (1984), as an illustration of personal jurisdiction principles' application to intentional torts. *Id.* at 1123. The Court summarized *Calder* as follows:

> [A] California actress brought a libel suit in California state court against a reporter and an editor, both of whom worked for the National Enquirer at its headquarters in Florida. The plaintiff's libel claims were based on an article written and edited by the defendants in Florida for publication in the National Enquirer, a national weekly newspaper with a California circulation of roughly 600,000.
> We held that California's assertion of jurisdiction over the defendants was consistent with due process. Although we recognized that the defendants' activities focused on the plaintiff, our jurisdictional inquiry focused on the relationship among the defendant, the forum, and the litigation. Specifically, we examined the various contacts the defendants had created with California (and not just with the plaintiff) by writing the allegedly libelous story.
> We found those forum contacts to be ample: *The defendants relied on phone calls to California sources for the information in their article; they wrote the story about the plaintiff's activities in California*; they caused reputational injury in California by writing an allegedly libelous article that was widely circulated in the State; and the brunt of that injury was suffered by the plaintiff in that State. In sum, *California was the focal point both of the story and of the harm*

---

[3] Plaintiff has not argued that any Defendant has sufficient contacts with Michigan to be subject to *general* jurisdiction there.

*suffered*. Jurisdiction over the defendants was therefore proper in
California based on the effects of their Florida conduct in California.

*Id.* (emphasis added) (internal citations, quotation marks, and brackets omitted).  In

*Walden*, the Court clarified that "where the plaintiff experienced a particular injury

or effect" is not the proper question, since "[r]egardless of where a plaintiff lives or

works, an injury is jurisdictionally relevant only insofar as it shows that the

defendant has formed a contact with the forum State."  *Id.* at 1125.  Thus, what

mattered in *Calder* was that the article's injury to "the plaintiff's reputation in the

estimation of the California public," combined with "various facts that gave the

article a California focus," sufficiently connected the defendants' conduct to

California to support personal jurisdiction there.  *Id.* at 1124.

The Court concludes that it lacks personal jurisdiction over Defendants.

Plaintiff relies on *Calder*, arguing that Defendants' article had the effect (and

purpose) of injuring his reputation in the estimation of CEN stakeholders residing

in Michigan.  However, under the *Walden* Court's interpretation, the effect of the

*Calder* article on the California public was sufficient to support jurisdiction only

when combined with "various facts that gave the article a California focus"— for

instance, the article was about the plaintiff's activities in California and based in

information obtained from phone calls to California sources.  *Id.* at 1123–24.

Here, no comparable facts give Defendants' article a Michigan focus.  *Cf. Reynolds*

*v. International Amateur Athlete Federation*, 23 F.3d 1110, 1120 (6th Cir. 1994) (distinguishing *Calder* on the grounds that allegedly defamatory press release concerned the plaintiff's activities outside of the forum state, the release's sources were outside the forum state, and the plaintiff's reputation was centered outside of the forum state).  Plaintiff urges the Court to follow *Rickett v. Smith*, No. 1:14CV–70–JHM, 2014 WL 5520626 (W.D. Ky. Oct. 31, 2014), which Plaintiff claims is factually analogous.  However, the court in *Rickett* distinguished *Reynolds* on the grounds that the defendants' contacts with the forum state, which included hiring the plaintiff in the forum state to work in the forum state, "involve[d] more than the sole point of contact being the posting of a statement on a website."  2014 WL 5520626, at *6.  The "more" is missing here.  Accordingly, the Court grants Defendants Farrell, Cary, and CX3's motions to dismiss for lack of personal jurisdiction.

The analysis above leads the Court to conclude that it may not exercise personal jurisdiction over nonmoving Defendants Christofferson and Bachman either.  But the absence of personal jurisdiction is a waivable defense.  *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).  The Court therefore deems it inappropriate to dismiss these defendants for lack of personal jurisdiction sua sponte.  However, there is no sign in the record that Defendants Christofferson and Bachman were successfully served within 90 days after the filing of Plaintiff's

complaint (or the filing of his Amended Complaint).  Federal Rule of Civil Procedure 4(m) therefore authorizes the Court to dismiss the action against Defendants Christofferson and Bachman without prejudice on the Court's own motion, after notice to Plaintiff.  The Court will do so if Plaintiff does not, within 14 days after issuance of this Order, show good cause for the failure to effectuate service.  The Court notes that under Local Rule 7.1(h)(1), the same 14-day deadline applies to any motion for reconsideration of this Order.  The Court invites Plaintiff to combine his show cause response with his motion for reconsideration, should he choose to file both.

Finally, Defendants Farrell, Cary, and CX3 ask the Court to award costs under 28 U.S.C. § 1919, which provides that "[w]henever any action or suit is dismissed in any district court … for want of jurisdiction, such court may order the payment of just costs."  It is unclear whether this statute authorizes payment of costs where dismissal is based on the absence of personal jurisdiction, as opposed to subject-matter jurisdiction.  *Conn v. Zakharov*, No. 1:09 CV 0760, 2010 WL 2293133, at *1 (N.D. Ohio June 4, 2010) (unpublished) (acknowledging that there is no Sixth Circuit precedent on this point, but relying on cases from other districts to order payment of costs after dismissal for lack of personal jurisdiction).  Because the statute refers to the dismissal of an action, rather than dismissal of a defendant from an action, the Court is inclined to believe that it speaks to subject-

matter jurisdiction and not personal jurisdiction.  Regardless, the statute confers discretion on the Court, rather than mandating an order of costs.  Even if the statute applies here, the Court declines to exercise the discretion it confers.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Farrell's Motion to Dismiss [14], Defendant Cary's Motion to Dismiss [15], and Defendant CX3 Holdings' Motion to Dismiss [18] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff will show cause, within 14 days after issuance of this Order, why Defendants Christofferson and Bachman should not be dismissed for failure to effectuate service.

**SO ORDERED**.


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated:  February 19, 2016     Senior United States District Judge